**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD S. CLARK,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-12-1444 |
| v. : | |
| : | (Judge Caputo) |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.    Introduction**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on July 22, 2012, by Petitioner Ronald S. Clark, an inmate currently confined at the Rockiew State Correctional Institution (SCI-Rockview), in Bellfonte, Pennsylvania.[1]  (Doc. 1, Pet.)  Mr. Clark is challenging sentences imposed by the Court of Common Pleas of Lackawanna County in June 2009.

In response to the Petition, Respondents filed an Motion to Dismiss the Petition based on Mr. Clark's failure to exhaust his available state court remedies. (Doc. 13, Mot. to Dismiss.)  Mr. Clark has filed an opposition brief.  (Docs. 18 and 19.)  Based on a review of the petition and the response, the Respondents' motion to dismiss will be granted and the petition dismissed without prejudice.

---

[1] Pursuant to the prison mailbox rule, an inmate's complaint is deemed filed the moment the inmate delivers it to prison officials to be mailed, not the date it is received by the Court. *Houston v. Lack*, 847 U.S. 266, 275-76, 108 S.Ct. 2379, 2384-85, 101 L.Ed.2d 245 (1988); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

**II.    Background**

On June 18, 2009, following a jury trial held in the Court of Common Pleas of Lackawanna County, Mr. Clark was found guilty of two counts of aggravated assault, two counts of simple assault, two counts of recklessly endangering another person, terroristic threats, criminal mischief, unlawful restraint, false imprisonment and harassment.  *See* Docket of Court of Common Pleas, No. CP-35-CR-0001639-2008.[2]  He was originally sentenced on October 2, 2009.  (*Id.*)  Following sentencing, the Commonwealth filed a motion for reconsideration of sentence and Mr. Clark filed post trial motions.  (*Id.*)  On February 22, 2010, the trial court held a hearing on the Commonwealth's motion for reconsideration of sentence, and granted the motion.  (*Id.*)  On October 22, 2010, Mr. Clark's post trial motions were denied.  (*Id.*)

In the interim, Mr. Clark, through his counsel, filed a January 27, 2010, notice of appeal to the Superior Court.  *See* Docket of Superior Court, 215 MDA 2010.[3]  On April 13, 2010, the appeal was dismissed due to Mr. Clark's failure to comply with Pa. R.A.P. 3517.  On October 20, 2010, Mr. Clark, again represented by counsel,

---

[2] The court takes judicial notice of the docket sheet in *Commonwealth v. Clark*, No. CP-35-CR-00001639-2008, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[3] The court takes judicial notice of the docket sheet in 215 MDA 2010, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

filed a second notice of appeal.  *See* Docket of Superior Court, 1717 MDA 2010.[4]  On January 28, 2011, the Superior Court granted Mr. Clark's petition to withdraw his appeal.  (*Id.*)

On November 16, 2010, Mr. Clark's appellate counsel, Attorney Donna DeVita, filed a third notice of appeal.  *See* Docket of Superior Court, 1891 MDA 2010.[5]  On February 9, 2011, Mr. Clark filed an Application for Relief seeking to proceed *pro se*.  On February 17, 2011, in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988), the Superior Court remanded the matter to the trial court to determine whether Mr. Clark's waiver of counsel was knowing, intelligent and voluntary.  (*Id.*)  On March 24, 2011, following a *Grazier* hearing, the trial court granted Mr. Clark's request to proceed *pro se*, and granted appellate counsel's request with withdraw as counsel of record.  *See* Docket of Court of Common Pleas, No. CP-35-CR-0001639-2008.  On September 29, 2011, the Superior Court dismissed Mr. Clark's third appeal after he failed to file a brief.  *See* Docket of Superior Court, 1891 MDA 2010.

On September 13, 2012, Mr. Clark filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 PA. CON. STAT. ANN. §§ 9541 *et seq*.  (Doc. 13-1, PCRA Pet.)  Mr. Clark's PCRA petition is presently pending in the

---

[4]  The court takes judicial notice of the docket sheet in 1717 MDA 2010, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[5]  The court takes judicial notice of the docket sheet in 1891 MDA 2010, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

Lackawanna County Court of Common Pleas.  *See Commonwealth v. Clark*, No. CP-35-CR-00001639-2008.

Mr. Clark originally filed the instant federal habeas corpus petition in July 2012, but filed an amendment on September 14, 2012.  *See* Docs. 7-9 at ECF p. 5.

### III.     Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas petitioner challenging a state conviction must first attempt to present his claim in state court.  28 U.S.C. § 2254(b); *Harrington v. Richter*, ___ U.S. ___, ___, 131 S.Ct. 770, 787, 178 L.Ed2d 624 (2011).  This means that the petitioner must fully and fairly present his federal claims through one full round of state court review before filing a federal habeas petition.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).  The purpose of the exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or

through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. (*Id.*) However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. *See* 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).

In this case, although Mr. Clark filed three separate notice of appeals in his direct appeal efforts, none of them were perfected. The petitions were withdrawn or dismissed for failure to file a brief. Mr. Clark just recently filed a timely PCRA petition presenting issues similar to those set forth in his present habeas petition. It is undisputed that his PCRA petition is still pending with the trial court. Therefore, his petition will be dismissed without prejudice to his right to pursue federal habeas corpus relief at the conclusion of the state collateral review process.

### IV.   Conclusion

Based on the foregoing, Respondents' motion to dismiss (Doc. 13) will be granted. The petition for writ of habeas corpus will be dismissed without prejudice. An appropriate order will issue.

/s/ A. Richard Caputo

**A. RICHARD CAPUTO**
**United States District Judge**

Date: November   7  , 2012